

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2005

# Hattman v. Commissioner IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1376

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hattman v. Commissioner IRS" (2005). *2005 Decisions.* Paper 512.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/512

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1376
_____

ROGER HATTMAN,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal From the United States Tax Court
(Tax Court No. 04-15852)
Tax Court Judge: Honorable Diane L. Kroupa
_____

Submitted Under Third Circuit LAR 34.1(a)
August 22, 2005

Before: ALITO, SMITH AND COWEN, CIRCUIT JUDGES

(Filed September 21, 2005)

_____

OPINION

_____

PER CURIAM

Following the decision of the United States Tax Court sustaining the Internal

Revenue Service's ("IRS") determination of a tax deficiency, appellant Roger Hattman

filed a "Petition for Writs of Mandamus, Prohibition and Error to the Tax Court."  For the

reasons that follow we will affirm the Tax Court's decision and deny Hattman the

requested petitions.

Having failed to receive a U.S. Individual Income Tax Return from Hattman for the tax year ending December 2002, the IRS computed appellant's 2002 federal taxes for him. Along with the computation report, a Notice of Deficiency was sent to Hattman on May 28, 2004, informing him of his tax deficiency for 2002, and other penalties and additions which had been imposed under Sections 6651(a)(1)-(2) and 6654(a) of the Internal Revenue Code. Hattman timely petitioned for a redetermination of the amount of tax owed. Rather than petitioning for a reduction, however, Hattman asked the Tax Court to order the Notice of Deficiency void. Hattman asserted that he lives and works on private property that is in no way connected with the state or federal government; thus, he set forth the contention that he is "not subject" to any law or the Internal Revenue Code.

The Commissioner of the IRS responded with a motion to dismiss the petition for failure to state a claim. The Commissioner argued that Hattman's petition set forth no factual or justiciable claims of error in the determination of the deficiency or liability as required by Tax Court Rule 34(b). The Tax Court afforded Hattman the opportunity to file an amended petition, and ordered a hearing to be held on the Commissioner's motion. Upon consideration of appellant's amended pleading, the Tax Court entered a decision in favor of the IRS on its motion to dismiss, as supplemented, concluding that there was a deficiency in income taxes due from taxpayer for 2002 in the amount of $11,014.00, and additions to tax under I.R.C. §§ 6651(a)(1) and 6654(a) in the respective amounts of

2

$3,138.99 and $368.05.  Hattman timely filed this pro se appeal.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1).  We review the Tax Court's factual findings for clear error, and exercise plenary review of its conclusions of law.  PNC Bancorp v. Commissioner of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000).

Initially, we note that, despite his assertion that the Tax Court issued "clearly erroneous rulings of law," see Aplt's Informal Brief at 6, ¶ 16, appellant contends that he "is not appealing his dismissal from Tax Court, but instead is petitioning for writs."  See Aplt's Reply Brief at 2, ¶ 3.  Hattman specifies that the writs he seeks include: 1) a writ of error to the Tax Court; 2) a writ of mandamus ordering the clerk to file a default against the Commissioner; and 3) a writ of mandamus to the Commissioner to honor appellant's letter of "nonliability."  Hattman refers to himself as the "Superior Sovereign," and basically contends that the IRS has no authority to impose a tax upon him and has "defaulted" on this issue.  He summarizes this position in his Reply Brief with the following statement:

> Petitioner has stated facts that have never been refuted, namely that he is the Creator of Government, that he lives and works on private property in no way connected with the Federal Government, is not engaged in any priveleged [sic] occupation, is not not [sic] an officer, employee, or elected official of any government, not a mariner, Indian, nor has a trade or business connected to the United States, hereafter US, government.

Reply Brief at 3, ¶ 9.

It is readily apparent that Hattman's appeal and "petitions" in this Court, as well as

3

his petition for redetermination filed in the Tax Court, are nothing other than the thinly veiled arguments of a tax protester. These types of tax protester arguments have been rejected as patently frivolous, and require no additional analysis here. See, e.g., Sauers v. Commissioner Internal Revenue, 771 F.2d 64, 66 and 69 n.6 (3d Cir. 1985). Moreover, to the extent that Hattman's filings in this Court were intended as writs of mandamus and error, they are denied as he has failed to demonstrate a clear and indisputable right to issuance of such writs. Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). Hattman's Motion for an Order to Show Cause is likewise denied.

For these reasons, and because there is no merit to Hattman's remaining contentions, we will affirm the order of the Tax Court.