

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2006

# Hattman v. Commissioner IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hattman v. Commissioner IRS" (2006). *2006 Decisions.* Paper 635.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/635

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5334
_____

ROGER HATTMAN,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal From the United States Tax Court
(Tax Court No. 18752-04)
Special Trial Judge: Honorable Robert N. Armen, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
AUGUST 1, 2006

Before: MCKEE, FUENTES and NYGAARD, Circuit Judges

(Filed: August 1, 2006)

_____

OPINION
_____

PER CURIAM

Roger Hattman appeals from a decision of the United States Tax Court

which sustained the Internal Revenue Service's ("IRS") determination of a tax deficiency

for the year 2001 and imposed a $1,500 penalty on Hattman pursuant to 26 U.S.C.

§ 6673. For the reasons that follow, we will affirm the Tax Court's decision.

Hattman filed a "Form 1040"[1] for the tax year ending in December 2001 and reported no income and no tax liability. Hattman attached a W-2 form to his 1040 which showed wages paid to him by BNP Pariabas Equity Strategies SNC. Hattman requested a refund in the amount of $1331.87. This figure was the amount of tax withheld by BNP Paribas. Hattman also attached a two-page statement to his return which protested the federal income tax. The IRS issued Hattman a refund in the amount of $1331.87.

In August 2004, Hattman received a notice of deficiency from the IRS which informed him of his tax deficiency for 2001 and other penalties and additions which were imposed against him pursuant to 28 U.S.C. § 6651(a)(1) and § 6662. Hattman timely filed a petition for a redetermination in the United States Tax Court. Among his arguments, Hattman stated that he is a "Sovereign man," that the IRS jurisdiction over him is "nonexistent" and that the IRS defaulted on his claims.

The Commissioner of the IRS responded with a motion to dismiss the petition for failure to state a claim. The Commissioner argued that Hattman's petition did not comply with Tax Rule 34(b) because it set forth no factual or justiciable claims of error in determining the tax deficiency. The Tax Court gave Hattman the opportunity to amend his petition. In the amended petition, Hattman asserted similar arguments to his original petition. After conducting a hearing, the Tax Court granted the Commissioner's

---

[1] As noted in the Tax Court, the Commissioner decided that Hattman's 1040 did not constitute a valid tax return.

2

motion to dismiss and imposed a $1,500 penalty on Hattman pursuant to § 6673.

Hattman timely filed this pro se appeal.[2]  Hattman's appeal also seeks:  (1) a writ of error

to the Tax Court; (2) a writ of mandamus ordering the clerk to file default against the

Commissioner; (3) a writ of mandamus to the Commissioner to honor his letter of non-

liability; and (4) a writ of prohibition against the IRS to prohibit the agency from

engaging in any collection action against him.

This Court has jurisdiction pursuant to 26 U.S.C. § 7482(a)(1).  The review

of the Tax Court's factual findings is for clear error and the review of its conclusions of

law is plenary.  See PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822,

827 (3d Cir. 2000).  This Court reviews imposing a penalty under § 6673 for abuse of

discretion.  See Sauers v. Comm'r of Internal Revenue, 771 F.2d 64 (3d Cir. 1985).  The

Commissioner's determinations in the notice of deficiency are presumed correct, and the

petitioner bears the burden of proof to show that the determination is invalid.  See

Helvering v. Taylor, 293 U.S. 507, 515 (1935).

We will affirm the Tax Court's decision because it properly dismissed

Hattman's petititon.  Despite Hattman's arguments to the contrary, his arguments are

merely those of a tax protester.[3]  Hattman's arguments are patently frivolous and do not

---

[2] The appeal was originally filed in the United States Court of Appeals for the District of Columbia Circuit.  The appeal was transferred to this Court because Hattman was a resident of Pennsylvania when his petition was filed.  See 26 U.S.C. § 7482(b)(1).

[3] Indeed, this Court previously rejected similar, if not identical, arguments from Hattman.  See Hattman v. Comm'r of Internal Revenue, 149 Fed. Appx. 121 (3d Cir.

3

require any further discussion.  See e.g., Sauers, 771 F.2d 64; see also United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994); United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir. 1991).  Also, in light of Hattman's arguments, the Tax Court did not abuse its discretion in imposing a § 6673 penalty on Hattman.  To the extent Hattman's appeal seeks a writ of mandamus, writ of error and writ of prohibition, each is denied because Hattman fails to demonstrate a clear and indisputable right to the issuance of the writs. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982).

For these reasons, we will affirm the decision of the Tax Court.  The Commissioner's motion for sanctions is granted in the sum of $1,000 (one-thousand dollars).

2005)(per curiam)(not precedential).

4