

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2006

# Hattman v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2019

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hattman v. Comm IRS" (2006). *2006 Decisions*. Paper 356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2019

ROGER HATTMAN,
                              Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

On Appeal From the United States Tax Court
(Tax Court No. 14605-05)
Special Trial Judge:  Honorable Peter J. Panuthos

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2006

BEFORE: BARRY, CHAGARES and COWEN, <u>Circuit Judges</u>

(Filed:   October 4, 2006)

OPINION

PER CURIAM

        Roger Hattman appeals from a decision of the United States Tax Court which

sustained the Internal Revenue Service's ("IRS") determination of a tax deficiency for the

year 2003 and imposed a $5,000 penalty on Hattman pursuant to 26 U.S.C. § 6673.  For

the reasons that follow, we will affirm the Tax Court's decision.

Hattman did not file a proper income tax return for the 2003 tax year. Through third-party records, the IRS determined Hattman's income from wages and pension or annuity, and calculated his income tax deficiency for 2003. In May 2005, Hattman was sent a notice of deficiency from the IRS which informed him of his tax deficiency and other penalties and additions imposed against him pursuant to 26 U.S.C. §§ 6651(a)(1) and 6654(a). Hattman filed a timely petition in the United States Tax Court contesting the IRS determinations on the theory that he was not subject to federal income taxation. Hattman asserted that he is a "free agent" and "sovereign man," who "lives and works on private property in no way connected with the State or Federal government." As a result, he contended, he is "not subject" to the Internal Revenue Code.

The IRS Commissioner moved to dismiss the petition for failure to state a claim, arguing that Hattman's petition did not comply with Tax Court Rule 34(b), which requires a petition to set forth factual or justiciable claims of error in determining the tax deficiency. The Tax Court ordered Hattman to file an amended petition, which he did, essentially repeating the claims made in the original petition. After conducting a hearing, the Tax Court granted the Commissioner's motion to dismiss and imposed a $5,000 penalty on Hattman pursuant to § 6673. After the Tax Court denied his motion to vacate, Hattman timely filed this pro se appeal. Hattman also requests that this Court issue 1) a writ of error to the Tax Court, 2) a writ of mandamus ordering the clerk to file default against the IRS Commissioner, 3) a writ of mandamus ordering the Commissioner to

2

honor Hattman's letter of non-liability, and 4) a writ of prohibition against the IRS to prevent the agency from engaging in collection action against Hattman.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court's factual findings for clear error and have plenary review over its legal conclusions. See PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000). This Court reviews the imposition of a penalty under § 6673 for abuse of discretion. See Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 70 (3d Cir. 1985). The Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proof to show that the determination is invalid. See Helvering v. Taylor, 293 U.S. 507, 515 (1935).

The Tax Court properly dismissed Hattman's petition. Hattman has raised substantially the same arguments in this Court before without success. See Hattman v. Comm'r of Internal Revenue, No. 05-5334 (3d Cir. Aug. 1, 2006) (per curiam); Hattman v. Comm'r of Internal Revenue, No. 06-1040 (3d Cir. July 28, 2006) (per curiam); Hattman v. Comm'r of Internal Revenue, 149 Fed. Appx. 121 (3d Cir. 2005) (per curiam). Though Hattman labors to argue otherwise, his claims are those of a tax protester. We and other courts have consistently rejected these arguments and we need not address them again here. See Sauers, 771 F.2d at 66-67; see also United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994); United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir. 1991); Charczuk v. Comm'r of Internal Revenue, 771 F.2d 471 (10th Cir. 1985). In light of the frivolous nature of Hattman's claims, the Tax Court did not abuse its

3

discretion in imposing a § 6673 penalty on Hattman.

To the extent Hattman's appeal seeks writs of mandamus, a writ of error, and a writ of prohibition, his requests are denied because Hattman cannot demonstrate a clear and indisputable right to the issuance of the writs.  See Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982).

For these reasons, we will affirm the decision of the Tax Court.  The Commissioner's motion for sanctions is granted in the sum of $3,000 (three-thousand dollars).