**UNITED STATES of America**

v.

**John H. ISENHOWER, Appellant.**

**No. 84–5474.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Feb. 8, 1985.
Decided Feb. 13, 1985.

John H. Isenhower, pro se.

Joseph J. Farnan, Jr., U.S. Atty., William C. Carpenter, Jr., Asst. U.S. Atty., Wilmington, Del., for appellee.

Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.

### OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant, John H. Isenhower, was convicted after a jury trial of failing to file income tax returns for the calendar years 1980 and 1981 in violation of 26 U.S.C. § 7203. The evidence at trial showed that Isenhower received gross income during calendar year 1980 of $30,321.67 and during calendar year 1981 of $14,136.87, and

that he failed to file any income tax returns for those years.

On appeal, Isenhower, appearing pro se, does not challenge the government's factual assertions. Instead, he contends in essence that the district court lacked jurisdiction to try him for criminal tax offenses. His arguments are, "that the Congress of the United States ... has never conferred upon the District Courts within the Federal Government, or any other Court, criminal jurisdiction over God-created persons." Brief for Appellant at 1. "The second reason is that in examining the Constitution Congress only has the power over three (3) types of *crimes!* [counterfeiting, felonies on the high seas and offenses against the law of nations, and treason]." *Id.* "The third reason is that within the whole of Title 18 of the United States Code, exists all the law (sic) on any federal crime that could be committed against the United States." *Id.* at 2. The district court rejected these challenges, as do we.

 Jurisdiction over tax matters has been explicitly given to the district courts by Congress, which provided that the district courts of the United States shall have original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. Article I, Section 8 of the Constitution and the Sixteenth Amendment empower Congress to create and enforce an income tax. The statute under which Isenhower was convicted plainly falls within that authority. Finally, there is no precedent nor rationale to support Isenhower's contention that all of the criminal laws of the United States must be placed in Title 18.

We will affirm the judgment of the district court. Furthermore, the grounds asserted in this appeal are plainly frivolous. We will, therefore, today issue an Order to Show Cause why we should not "award just damages and single or double costs to the appellee" as authorized under Rule 38 of the Federal Rules of Appellate Procedure.