**Paul SAUERS, Box 1573, Atlantic City, NJ 08404**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**Appeal of Paul SAUERS.**

**No. 84–5793.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) May 20, 1985.

Decided Aug. 19, 1985.

Rehearing and Rehearing En Banc Denied Oct. 15, 1985.

Paul Sauers, Atlantic City, N.J., pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Richard Farber, Laurie A. Snyder, Tax Div., Dept. of Justice, and Robert B. Miscavich, Tax Litigation Div., I.R.S., Washington, D.C., for appellee.

Before ADAMS, GARTH and BECKER, Circuit Judges.

BECKER, Circuit Judge.

This appeal from a decision and order of the Tax Court dismissing appellant Paul Sauers's petition for review of a statutory notice of deficiency raises the question, *inter alia*, whether 26 U.S.C. § 6673 (1982), which gives the Tax Court discretion to award "damages" for frivolous and vexatious appeals, is actually a penalty statute that may be applied without a formal determination of the expenses incurred by the United States in defending the suit and those incurred by the Tax Court in adjudicating it. We conclude that the statute is, in fact, a penalty statute. We also conclude that the Tax Court properly exercised its discretion in awarding the Commissioner of Internal Revenue $5,000 in damages under § 6673. On the underlying merits, we hold that the Tax Court properly exercised its discretion in dismissing the taxpayer's petition for failure properly to prosecute his case where the taxpayer raised only frivolous arguments in the petition and refused to stipulate to facts in preparation for trial. We therefore will affirm the judgment.

I.

The relevant facts are as follows. Sauers failed to report on his federal income tax return for 1980 (Form 1040) the total amount of wages reported on his

Form W–2.[1] In due course the Internal Revenue Service mailed Sauers a notice of deficiency for the unpaid taxes, and of additions to tax: (a) for failure timely to file under 26 U.S.C. § 6651(a); and (b) for negligent or intentional disregard of tax rules and regulations under 26 U.S.C. § 6653(a). Sauers thereupon petitioned the Tax Court for review pursuant to 26 U.S.C. § 6213. In his briefs and motions supporting this petition, Sauers did not dispute the assessment of tax deficiency and additions to tax alleged in the IRS's notice but raised a litany of legal arguments typical of those asserted by "tax protesters."[2] The Commissioner, contending that Sauers's arguments were frivolous, moved for summary judgment and for damages under § 6673. A hearing on the motion was scheduled for April 24, 1984, and the case was listed for trial, if one proved necessary, on the same day.

At the summary judgment hearing, Sauers, represented by counsel, rested his case entirely on the arguments made in his pre-trial papers. He refused to engage in a stipulation of facts, in violation of Rule 91(a) of the Rules of Practice and Procedure of the United States Tax Court [hereinafter cited as Tax Court Rules], and, when pressed by the court, admitted that he would have no evidence to present at trial. On the court's suggestion, the Commissioner moved orally to dismiss the petition for failure properly to prosecute, in view of Sauers's lack of cooperation and the lack of merit of his legal claims. *See* Tax Court Rule 123(b). The court granted this motion,[3] sustained the assessments of

deficiency and additions to tax, and—without conducting an assessment of damages—awarded $5,000 to the IRS pursuant to § 6673.[4]

In its memorandum opinion dismissing the petition and awarding damages, the court characterized Sauers as a "tax protester" and summarily rejected his claim. Regarding the damage award, the court stated: "we are satisfied [Sauers] knew that his arguments were frivolous but nevertheless wanted to abuse the process of this Court and waste its resources and those of respondent." *Sauers v. Commissioner,* T.C.M. (CCH) 536 (1984). Sauers appeals.

## II.

### A.

■ We address first appellant's contention that the Tax Court erred in dismissing his petition for failure to prosecute. We review the dismissal for failure to prosecute under an abuse of discretion standard. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Titus v. Mercedes Benz of North America,* 695 F.2d 746, 746–47 (3d Cir.1982); *Spering v. Texas Butadiene & Chemical Corp.,* 434 F.2d 677, 680 (3d Cir. 1970), *cert. denied,* 404 U.S. 854, 92 S.Ct. 97, 30 L.Ed.2d 95 (1971).

■ The merits of appellant's case need not detain us long. Sauers admitted before the Tax Court that he could present no evidence on his own behalf. Moreover, we agree with the Tax Court that Sauers's legal contentions were patently frivolous.

---

**1.** Sauers's Form W–2 for the 1980 taxable year showed $41,512.64 in wages, while he reported earnings of $2,012.50.

**2.** Sauers contended that (1) wages are property and therefore not taxable income; (2) wages earned from private employment are not taxable; (3) the assessment of damages under § 6673 violates due process and equal protection; (4) the Tax Court fraudulently informs parties that it is independent of the IRS; (5) although obligations imposed by the Internal Revenue Code are quasi-contractual in nature, the IRS conferred no benefit on the taxpayer; (6) the Tax Court system violates the separation

of powers; (7) Tax Court proceedings violate the seventh amendment right to a jury; (8) the burden of proof of innocence should not shift to the taxpayer after the Notice of Deficiency is sent to him; and (9) imposition of income tax denies the taxpayer freedom of contract.

**3.** The Commissioner's motion for summary judgment was thereby rendered moot.

**4.** The court allowed Sauers ten days thereafter in which to respond to the § 6673 award. Sauers filed such a brief in which he merely reasserted his previous claims.

*See supra* note 6. The Fifth Circuit's characterization of the taxpayer's case in *Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1984) is applicable here: "[i]t is a hodge-podge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." *Id.* at 1418. We therefore hold that the Tax Court did not abuse its discretion in granting the Commissioner's motion to dismiss. *Cf. United States v. Isenhower*, 754 F.2d 489, 490 (3d Cir.1985) (dismissing similar claims as "plainly frivolous").[5]

### B.

The issue that prompts us to write is one of first impression in this circuit: whether the Tax Court erred by awarding damages under 26 U.S.C. § 6673 without first receiving evidence on the amount of damages, i.e., the expenses incurred by the United States in defending the suit before the Tax Court (and, perhaps, the resources of the court itself expended in entertaining the suit), and without relating the award to an assessment of these damages. For the reasons that follow, we hold that a formal assessment of damages is not required by the statute.

We begin our analysis with the language of the provision itself. Section 6673 provides, in full:

> Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary or his delegate and shall be collected as a part of the tax.

By referring to "damages" that may be "awarded to the United States," the statute suggests that the award is being made as compensation to the United States as the opposing and prevailing party. If the statute is compensatory, a hearing on the appropriate amount of compensation presumably would be required. We note, however, that the language of the statute neither requires a hearing to assess damages nor provides for a hearing to be held at the Tax Court's discretion.

■ Read as a whole, it appears to us that the primary purpose of the statute is not to compensate the United States as opposing party but instead to penalize taxpayers who raise frivolous claims in the tax court. A penalty is "not [ ] a 'pre-estimate of probable actual damages, but [ ] a punishment, the threat of which is designed to prevent [a] breach.' *Westmount Country Club v. Kameny*, 82 N.J.Super. [200] at 205, 197 A.2d [379] at 382 [ (N.J.Super.A.D. 1964) ]." *In re Plywood Co.*, 425 F.2d 151, 155 (3d Cir.1970). Therefore, unlike a situation involving an award of compensatory damages, an assessment of damages is not required before a penalty may be imposed. *United States v. Dieckerhoff*, 202 U.S. 302, 311–12, 26 S.Ct. 604, 607–08, 50 L.Ed. 1041 (1906); *Clark v. Barnard*, 108 U.S. 436, 459, 2 S.Ct. 878, 891, 27 L.Ed. 780 (1883); *United States v. Glidden Co.*, 119 F.2d 235, 242 (6th Cir.1941).

Conceding that the statutory language is not explicit, however, we draw instruction from the Supreme Court's statement in *Helwig v. United States*, 188 U.S. 605, 23 S.Ct. 427, 47 L.Ed. 614 (1903):

> Whether the statute defines [the assessment] in terms as a punishment or penalty is not important, if the nature of the provision itself be of that character.
>
> . . . .
>
> [I]t is the duty of the court to be governed by such statutory direction, but the intrinsic nature of the provision remains, and, in the absence of any declaration by Congress affecting the manner

---

**5.** Sauers also refused to stipulate to the fullest extent possible to all non-privileged relevant matters as required by Tax Court Rule 91. At least one court has held that non-compliance with a Tax Court Rule is a proper ground for dismissal for failure to prosecute. *See Larsen v. Commissioner*, 765 F.2d 939 (9th Cir.1985).

in which the provision shall be treated, courts must decide the matter in accordance with their views of the nature of the act.... [T]he failure of the statute to designate it as a penalty, ... will not work a statutory alteration of the nature of the imposition, and it will be regarded as a penalty when by its very nature it is a penalty.

*Id.* at 611–13, 23 S.Ct. at 429–30. State courts have held statutes referring to "damages" as in fact providing for a penalty. *Joyce v. Means,* 41 Kan. 234, 235, 20 P. 853, 853 (1889); *Spence v. Thompson,* 11 Ala. 746, 750 (1847). Moreover, the legislative history of § 6673 supports the view that it is a penalty statute designed to deter taxpayers from bringing frivolous or dilatory suits, and not a damage provision enacted to compensate the IRS. The statute, enacted as part of the Revenue Act of 1926, ch. 27, 44 Stat. 106, and incorporated into the 1939 and 1954 tax codes, originally allowed damages for claims brought by the taxpayer merely for delay. The Senate committee report on the 1926 act stated that the damages are "to prevent advantage being taken of review proceedings before" the Board of Tax Appeals (now the Tax Court), indicating the provision's deterrent—rather than compensatory—purpose. S.Rep. No. 52, 69th Cong., 1st Sess. 36 (1926).

In 1982, the Tax Equity and Fiscal Responsibility Act, Pub.L. 97–248, 96 Stat. 574, amended § 6673 by adding a provision for damages for frivolous and groundless claims, and by raising the ceiling on damages from $500 to $5000. The legislative history of the 1982 amendment consistently refers to the award authorized by § 6673 as a "penalty":

> *Increase in penalty for instituting proceedings for delay, etc.*

The bill also provides that if it appears to the Tax Court that proceedings have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in proceedings before the Tax Court is frivolous or groundless, then damages, i.e., a penalty, may be awarded to the United States in an amount not in excess of $5,000.

H.R.Rep. No. 404, 97th Cong., 1st Sess. 15 (1981). Moreover, the report makes clear that the primary purpose of the 1982 amendment is deterrence:

> [T]he [House Ways and Means C]ommittee [was] concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload.... [T]he committee decided to increase the damages, i.e. penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages.

*Id.* at 11.

 While no other court of appeals has addressed in terms the issue before us, several have intimated the view that § 6673 is a penalty statute that does not require an assessment of damages. For example, in *May v. Commissioner,* 752 F.2d 1301 (8th Cir.1985), the Eighth Circuit stated that "section 6673 damages are appropriate ... either as a penalty for abuse of process, or as a fee [charged to tax protesters] for using the courts as their personal 'soapbox,'" *id.* at 1308. The *May* court undertook a comprehensive analysis of § 6673 and held that the Tax Court may not impose damages under that provision unless it finds willfullness or bad faith on the part of the taxpayer and makes formal findings of fact that justify an award.[6] It did not,

---

**6.** We need not decide here the specific issues addressed in *May*—whether the tax court must make findings of fact supporting a § 6673 award, and whether § 6673 requires a finding of bad faith—because, at all events, we conclude that both requirements were met in this case. First, although the Tax Court did not make formal findings of fact, it did make clear that the basis of its award of § 6673 damages was the frivolous nature of Sauers's claims; because those claims are fully spread on the record, more specific findings are not required for thorough appellate review. Second, that the Tax Court found bad faith on the part of Sauers is made clear by its conclusion that Sauers "wanted to abuse the process of this court and waste its resources and those of respondent." *See supra* typescript at 4. This finding of bad faith

however, postulate the requirement that the Tax Court must relate the amount of a § 6673 award to an assessment of the damages incurred by the United States or the Tax Court during the course of the particular suit. We believe that *May* can fairly be read to have implicitly rejected such a requirement. Several cases in other circuits also lend support to the proposition that § 6673 is, in effect, a penalty provision not requiring an assessment of damages.[7]

Based on the "intrinsic nature of the provision," *Helwig,* 188 U.S. at 613, 23 S.Ct. at 429, its legislative history, and the relevant judicial authority, we hold that, notwithstanding Congress's use of the term "damages" in 26 U.S.C. § 6673, the provision authorizes the tax court to penalize taxpayers who raise dilatory or groundless claims and does not require the court to calculate the amount of the damages incurred as a condition of making such an award.

## C.

As a final matter, we must review the Tax Court's assessment of $5,000 in § 6673 damages against Sauers for his action in this case. We have no doubt that the court acted properly in holding Sauers' case to be frivolous and in awarding § 6673 damages.[8] *See Larsen* at 941 ("Given taxpayer's refusal to prosecute his petition properly and the consistency with which courts have rejected similar legal challenges, the Tax Court did not abuse its discretion in assessing a penalty.") Fur-

---

is amply supported by the record: Sauers admitted that he could not present facts to challenge the Commissioner's determination of tax deficiency, he refused to engage in a stipulation of facts, and his legal arguments have been repeatedly rejected by the courts. *See, e.g., Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933) (establishing that burden of proof in Tax Court is on the taxpayer); *Nash Miami Motors, Inc. v. Commissioner,* 358 F.2d 636 (5th Cir.), *cert. denied,* 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142 (1966) (relying on *Ex parte Bakelite Corp.,* 279 U.S. 438, 49 S.Ct. 411, 73 L.Ed. 789 (1929) for the conclusion that the statute establishing the Tax Court does not unconstitutionally violate separation of powers); *Larsen* at 941–942 (holding the following claims to be frivolous: § 6673 infringes upon first amendment right to petition; Tax Court cannot have jurisdiction because it is not an Article III court); *Wright v. Commissioner,* 752 F.2d 1059, 1062 (5th Cir.1985) (finding the following claims to be frivolous: tax returns violate the right against self-incrimination; placing the burden of proof on the taxpayer violates due process); *Denison v. Commissioner,* 751 F.2d 241, 242 (8th Cir.1984) (finding frivolous taxpayer's claims that wages are not income, income tax is unconstitutional, and the tax court lacked jurisdiction); *Stites v. United States,* 746 F.2d 1085 (5th Cir.1984) (finding the following claims to be frivolous: the I.R.S. is part of a conspiracy; wages are property; taxes violate the "right to work," the right to petition, and the right to a jury trial); *Granzow v. Commissioner,* 739 F.2d 265, 267 (7th Cir.1984) (finding claim that wages are not taxable to be frivolous).

7. The Fifth and Ninth Circuits have referred to the award made pursuant to § 6673 as a "penalty." *See Larsen* at 941; *Crain v. Commissioner,*

737 F.2d 1417, 1418 (5th Cir.1984); *Enochs v. Green,* 270 F.2d 558, 565 n. 3 (5th Cir.1959). In addition, many court of appeals decisions affirming an award of § 6673 damages indicate, although not expressly, that a hearing on the damages was not held. *See Larsen* at 941–942 ("[T]he Commissioner moved for dismissal for failure to prosecute. In a brief oral hearing, the Tax Court granted the Commissioner's motion, sustained the tax deficiency and additions to tax determined by the Commissioner, ... and imposed the maximum statutory damages against the taxpayer of $5,000 pursuant to § 6673."); *Perkins v. Commissioner,* 746 F.2d 1187, 1188 (6th Cir.1984) (summary judgment for the Commissioner on the merits); *Granzow* at 267 (7th Cir.1984) ("The Tax Court granted the Commissioner summary judgment, finding ... no merit to taxpayers' argument. Because of the frivolous nature of the position advanced by the taxpayers, the Tax Court assessed an additional $1,000 in damages pursuant to 26 U.S.C. § 6673."); *Lukovsky v. Commissioner,* 734 F.2d 1320, 1320 (8th Cir.1984) ("When appellants failed to come forward with any evidence to prove the legitimacy of their deductions ... the tax court dismissed the action for failure to prosecute and levied statutory damages of $500 under 26 U.S.C. § 6673."); *Sydnes v. Commissioner,* 647 F.2d 813, 814 (8th Cir.1981) ("the Tax Court granted summary judgment for the Commissioner.... On its own motion, the court also awarded the United States $5000 in damages under 26 U.S.C. § 6673.").

8. We need not decide whether our scope of review of the Tax Court's finding of frivolousness is plenary or more deferential in nature. Under any standard of review, we would uphold the action of the court here.

thermore, we do not believe that the court abused its discretion in fixing the award at $5,000. The decision of the tax court will be affirmed.[9]

---

9. The Commissioner asks us to award double costs and damages, including costs for salaries of legal and nonlegal personnel and allocable overhead, for services devoted to the defense of this appeal. He cites 28 U.S.C. § 1912, which allows damages for dilatory appeals, and Fed.R. App.P. 38, which allows damages for frivolous appeals, in support of his position.

"[D]amages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." Fed.R.App.P. 38 advisory committee note. They are generally assessed if the appeal is wholly without merit. *See Commonwealth Electric Co. v. Woods Hole*, 754 F.2d 46, 49 (1st Cir.1985); *International Union of*

*Bricklayers & Allied Craftsman Local Union No. 20*, 752 F.2d 1401, 1406 (9th Cir.1985); *Ginsburg v. Stern*, 295 F.2d 698, 698 (3d Cir.1961), *cert. denied*, 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962) (cited as judicial support for Rule 38, Committee Note). Although most of Sauers's arguments on appeal are frivolous, and this Court condemns such advocacy, the appeal does raise the genuine issue whether § 6673 requires an assessment of damages. Like the fifth circuit, "[w]e are sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of law." *Crain*, 737 F.2d at 1418. We therefore decline to assess damages under either Rule 38 or 28 U.S.C. § 1912.