

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2006

# Barzeski v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4012

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Barzeski v. Comm IRS" (2006). *2006 Decisions.* Paper 1375.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1375

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4012
_____

RICHARD J. BARZESKI,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal From the United States Tax Court
(Tax Court No. 7236-05)
Tax Court Judge: Honorable John F. Dean

_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2006

Before: BARRY, STAPLETON AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed  March 28, 2006)
_____

OPINION
_____

PER CURIAM

        The Commissioner of Internal Revenue issued a notice of deficiency to Richard J.

Barzeski to assess taxes due for tax years 2001, 2002, and 2003.  Barzeski filed a petition

in the United States Tax Court to contest the notice.  He contended that he was not

required to file a tax return because tax forms carry an expired number from the Office of Management and Budget, in violation of the Paperwork Reduction Act, and because the modification, over time, of the amount of income exempt from taxation violated the Ex Post Facto clause. The Commissioner filed a motion to dismiss the petition for failure to state a claim and moved for sanctions pursuant to 26 U.S.C. § 6673.

Upon consideration of the Commissioner's motions, the Tax Court ordered Barzeski to file an amended petition to specifically identify the alleged errors in the deficiency determination and to separately state the facts on which he based his claims of error. Barzeski filed an amended petition, expanding on his previously asserted claims, and adding the additional claim that the Commissioner had not proven that he had received income for the years in question.[1] The Tax Court held a hearing, and, on June 29, 2005, dismissed Barzeski's petition and imposed a penalty of five thousand dollars.[2] Barzeski appeals from the Tax Court's decision. The parties have filed cross-motions for sanctions, and Barzeski has filed a motion to strike the Commissioner's motion for sanctions.

---

[1]In relation to this claim, Barzeski disputed that the term "wages" means compensation for labor. However, he concedes on appeal that he "works and earns income in the form of wages." (Appellant's Brief at 2.)

[2]In July, the Tax Court vacated its June order of dismissal and decision because of typographical errors, and substituted a new, but substantially identical, order of dismissal and decision. Barzeski mistakenly refers to the June order in his August-filed notice of appeal, but he gave the Tax Court and the Commissioner notice that he is appealing the final decision in his case. Both parties have briefed the relevant issues.

2

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We exercise plenary review over the Tax Court's conclusions of law, and review the Tax Court's factual findings for clear error. See PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000). We review the Tax Court's imposition of a penalty under § 6673 for an abuse of discretion. See Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 65 (3d Cir. 1985).

We will affirm because the Tax Court properly dismissed Barzeski's petition and did not abuse its discretion in imposing a penalty. Barzeski did not advance claims to undermine the Commissioner's determinations in the notice of deficiency, which are presumptively correct, see Helvering v. Taylor, 293 U.S. 507, 515 (1935). He did not even assert clear and concise claims of specific error to meet his pleading obligation under Rule 34 of the Tax Court Rules. Instead, he put forth frivolous and groundless arguments to protest the imposition of income tax. See, e.g., United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990). We agree with the Tax Court that no extended discussion is necessary, see Crain v. Comm'r of Internal Revenue, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam), and hold that the Tax Court properly dismissed Barzeski's petition. Also, in light of Barzeski's arguments, we discern no abuse of discretion in the Tax Court's imposition of a § 6673 penalty on Barzeski.

The Commissioner's motion for sanctions is granted in the sum of $1000 (one thousand dollars), and Barzeski's motion to strike and his motion for sanctions is denied.