

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2006

# Barzeski v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4013

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Barzeski v. Comm IRS" (2006). *2006 Decisions.* Paper 1374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4013
_____

SHARON L. BARZESKI,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal From the United States Tax Court
(Tax Court No. 7237-05)
Tax Court Judge: Honorable John F. Dean

_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2006

Before: BARRY, STAPLETON AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed March 28, 2006)
_____

OPINION
_____

PER CURIAM

 Appellant Sharon L. Barzeski did not file income tax returns for tax years 2001,

2002, and 2003. The Commissioner of Internal Revenue calculated the taxes due for

those years based on Barzeski's wages and interest income reported on W-2 and 1099-

INT forms submitted by third parties, and issued a notice of deficiency to her. Barzeski filed a petition in the United States Tax Court to contest the notice. In her petition, she argued that the notice of deficiency was issued in error because she was not a person obligated to file a tax return. In support of her position, she claimed that the Internal Revenue Service does not use a valid control number from the Office of Management and Budget on its forms. She also contended that the modification, over time, of the amount of income exempt from taxation violated the Ex Post Facto clause. The Commissioner filed a motion to dismiss the petition for failure to state a claim. The Commissioner also moved for sanctions pursuant to 26 U.S.C. § 6673.

Upon consideration of the Commissioner's motions, the Tax Court ordered Barzeski to file an amended petition to specifically identify the alleged errors in the deficiency determination and to separately state the facts on which she based her claims of error. Barzeski filed an amended petition, in which she elaborated on the two arguments in her first petition and added the additional claim that the Commissioner had not proven that she had received income for the years in question.[1] After a hearing, the Tax Court dismissed Barzeski's petition and imposed a penalty of five thousand dollars. Barzeski appeals. The parties have filed cross-motions for sanctions, and Barzeski has filed a motion to strike the Commissioner's motion for sanctions.

---

[1]In relation to this claim, Barzeski disputed that the term "wages" means compensation for labor. However, in her brief before us, she concedes that she "works and earns income in the form of wages." (Appellant's Brief at 2.)

2

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1).  We exercise plenary review over the Tax Court's conclusions of law, and review the Tax Court's factual findings for clear error.  See PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000).  We review the Tax Court's imposition of a penalty under § 6673 for an abuse of discretion.  See Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 65 (3d Cir. 1985).

We will affirm because the Tax Court properly dismissed Barzeski's petition and did not abuse its discretion in imposing a penalty.  Barzeski did not advance claims to undermine the Commissioner's determinations in the notice of deficiency, which are presumptively correct, see Helvering v. Taylor, 293 U.S. 507, 515 (1935).   She did not even assert clear and concise claims of specific error to meet her pleading obligation under Rule 34 of the Tax Court Rules.  Instead, she put forth frivolous and groundless arguments to protest the imposition of income tax.  See, e.g., United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990).  We agree with the Tax Court that no extended discussion is necessary, see Crain v. Comm'r of Internal Revenue, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam), and hold that the Tax Court properly dismissed Barzeski's petition.  Also, in light of Barzeski's arguments, we discern no abuse of discretion in the Tax Court's imposition of a § 6673 penalty on Barzeski.

The Commissioner's motion for sanctions is granted in the sum of $1000 (one thousand dollars), and Barzeski's motion to strike and her motion for sanctions is denied.