

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2009

# Thomas D. Tuka v. Commissioner of Inte

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2846

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Thomas D. Tuka v. Commissioner of Inte" (2009). *2009 Decisions.* Paper 1408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2846

_____

THOMAS D. TUKA,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(Tax Court No. 05-1402)
Tax Court Judge: Honorable Harry A. Haines

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2009
Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges

(Opinion filed: May 04, 2009 )

_____

OPINION

_____

PER CURIAM

 Thomas D. Tuka appeals pro se from the order of the Tax Court dismissing his

petition for failure to prosecute. For the following reasons, we will affirm.

I.

 The parties' underlying dispute arises from Tuka's alleged income tax liability for

the 1999 and 2000 calendar years. The Commissioner decided to collect on that liability by levy. Before the Commissioner could proceed, Tuka was entitled to a "collection due process hearing" before an IRS Appeals Officer. See 26 U.S.C. §§ 6320 and 6330; Robinette v. CIR, 439 F.3d 455, 458 (8th Cir. 2006).[1] An IRS Appeals Officer afforded Tuka a hearing and, on December 17, 2004, issued a Notice of Determination approving the Commissioner's request to proceed with the levy.

Tuka challenged that decision by filing a petition with the Tax Court and, after procedural developments not relevant here, ultimately filed an amended petition on August 3, 2005. Among other things, Tuka asserted that the Appeals Officer improperly denied his request for a recorded face-to-face conference, wrongfully prevented him from challenging his underlying tax liability, and failed to consider collection alternatives. The Tax Court, by order issued October 12, 2006, scheduled the matter for trial on March 12, 2007. The order stated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

---

[1] By way of background, collection due process hearings are informal proceedings that need not be conducted face-to-face and may instead consist of a telephonic conference or correspondence. Living Care Alternatives of Utica v. United States, 411 F.3d 621, 624 (6th Cir. 2005). During the hearing, the taxpayer is permitted, inter alia, to propose collection alternatives such as a settlement or payment schedule, and the Appeals Officer ultimately must determine whether the proposed levy "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3); Kindred v. Comm'r, 454 F.3d 688, 695 (7th Cir. 2006). The Appeals Officer's decision generally is reviewable by the Tax Court for abuse of discretion. See id. at 694.

In February 2007, the Commissioner filed a motion to continue trial and a motion to remand the matter to the Appeals Office so that it could afford Tuka the face-to-face hearing to which he claimed to be entitled. Two days later, Tuka filed a "motion to set aside trial date and set a briefing schedule." Tuka argued that, under 26 U.S.C. § 6330(d)(1) and Robinette, 439 F.3d at 459-62, the Tax Court was not permitted to hold a trial de novo and that its review was limited to the record before the Appeals Office. Accordingly, Tuka argued that the Tax Court should set a briefing schedule and decide the matter on the parties' briefs rather than proceed with a trial. He reiterated that argument in opposition to the Commissioner's motion for a continuance. By order entered February 26, 2007, the Tax Court denied Tuka's motion, granted the Commissioner's motions, struck the trial date and remanded the matter to the Appeals Office for a new collection due process hearing to be held by April 23, 2007. The Tax Court also retained jurisdiction over the case and directed the parties to file a joint status report by May 7, 2007.

The parties thereafter submitted independent status reports. On April 17, the Commissioner reported that Tuka had failed for three weeks to respond to a letter from the Appeals Officer regarding the scheduling of his hearing. Tuka responded on May 3 that he had never received the Appeals Officer's letter, that he has sent a letter of his own to which the Appeals Officer never responded, and that the face-to-face hearing on which he had insisted might not be necessary. Finally, on May 7, the Commissioner's trial

attorney reported that the Appeals Officer had never received any correspondence from Tuka but would offer another face-to-face hearing if he desired. She also reported that she had twice mailed Tuka a proposed joint status report but that he had not responded and that she was unable to contact him at the phone number he had provided.

On May 14, 2007, the Tax Court issued an order restoring this matter to its active docket. On September 27, 2007, the Tax Court issued another order scheduling the case for trial on March 3, 2008. That order too stated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Counsel for the Commissioner appeared on that date, but Tuka did not. The Commissioner reported that he had been unable to contact Tuka by phone or by mail since Tuka filed his May 3 status report and that Tuka had never responded to any of the Commissioner's correspondence. Accordingly, the Commissioner moved to dismiss Tuka's petition for lack of prosecution. The Tax Court granted that motion by order entered March 27, 2008, on the grounds that Tuka had failed to appear for trial and "for cause more fully appearing in the transcript of the proceedings" (i.e., Tuka's failure to cooperate with the Commissioner and the Commissioner's inability to contact Tuka at his address and telephone number of record).

On April 7, 2008, Tuka filed what the Tax Court properly construed as a motion to vacate the March 27 order. Tuka admitted that he had received some correspondence from the Commissioner but insisted that he had not received others because the

4

Commissioner sent his correspondence to an "invalid address" (which was the only address appearing of record). Tuka did not claim that he did not receive the Tax Court's September 27 order or that he was unaware of the trial date, and he provided no explanation for failing to appear for trial. The Tax Court denied the motion to vacate on May 1, 2008. The court explained that Tuka had "ample warning" of the trial date and the potential consequences for failing to appear. The Tax Court further concluded that the Commissioner repeatedly had tried to contact Tuka at his address of record, but that, even if the Commissioner were somehow at fault in that regard, such fault did not excuse Tuka from appearing for trial. Tuka timely appeals.

## II.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). Tuka does not mention the Tax Court's denial of his motion to vacate in his notice of appeal or take issue with that ruling in his brief, and instead appeals only the Tax Court's order dismissing his petition for failure to prosecute. We review that ruling for abuse of discretion. See Spain v. Gallegos, 26 F.3d 439, 454 n.17 (3d Cir. 1994); Sauers v. CIR, 771 F.2d 64, 66 (3d Cir. 1985). We perceive no abuse of discretion here.

On appeal, Tuka once again does not claim to have been unaware of the trial date and does not argue that his failure to appear for trial was anything other than intentional. He also raises no issue regarding misdirected mail. Instead, he argues only that the Tax Court should not have scheduled his petition for trial and thus should not have penalized

him for refusing to participate in that unauthorized proceeding. He also characterizes his "motion to set aside trial date and set a briefing schedule," in which he raised that argument in the Tax Court, as a statement "in lieu" of trial. The Tax Court, however, denied that motion and later rescheduled the matter for trial. The merits of that ruling are not before us.[2]

Even if Tuka were correct that the Tax Court should not have scheduled his petition for trial, his disagreement with the Tax Court's ruling did not excuse his obligation to go forward with his petition. As we have explained, "[a] party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default." Spain, 26 F.3d at 454 (explaining also that, when a plaintiff willfully refuses to proceed, a court need not weigh the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), before dismissing the case for lack of prosecution). That is precisely what Tuka has attempted to do here. Accordingly, we will affirm the dismissal of his petition.

---

[2]In Robinette, on which Tuka relies, the court held that the Tax Court's review of a notice of determination following a collection due process hearing generally is limited to the agency record, but that the Tax Court may, in some instances, receive additional evidence regarding what transpired during agency proceedings. See Robinette v. CIR, 439 F.3d at 459-62. We have not addressed that precise issue, and we need not do so for purposes of this appeal.

6