

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2009

# David Jahn v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3793

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"David Jahn v. Comm IRS" (2009). *2009 Decisions.* Paper 1236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3793
_____

DAVID JAHN

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 06-21387)
Tax Court Judge: Honorable Joseph H. Gale

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2009

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges

(Opinion filed: June 4, 2009)
_____

OPINION
_____

PER CURIAM

     Appellant, David Jahn, appeals from the Tax Court's decision dismissing his case

for lack of prosecution. For the following reasons, we will affirm.

I.

     Jahn failed to file a tax return for 2001. In due course, the Internal Revenue

Service ("IRS") assessed the deficiency and demanded payment. Jahn did not pay the assessment. The IRS then notified him of its intent to collect by levy his unpaid liability. In response, Jahn requested a collection-due-process ("CDP") hearing before the Office of Appeals. See 26 U.S.C.A. § 6330 (requiring opportunity for hearing before levy can be made). The Office of Appeals subsequently determined that the IRS's proposed collection action was appropriate. Jahn sought review of this determination in the United States Tax Court.

On May 31, 2007, the Tax Court issued a "Notice Setting Case for Trial" informing the parties that the matter was slated for the November 5, 2007 trial session. The Notice specified that, "[t]he calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." (App. 17.) The Notice also instructed the parties to "contact each other promptly" in order to prepare a stipulation of undisputed facts and exhibits, and again warned that, "FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." (App. 17.)

In addition to this Notice, the parties were also given a copy of the court's Standing Pretrial Order, which likewise ordered them to stipulate to facts to the maximum extent possible. The Order further instructed the parties to submit pretrial memoranda 14

2

days before the trial date, and warned that an unexcused failure to comply could result in dismissal of the case. (Admin. Record. Doc. 15 (citing Tax Ct. R 131(b)).

When the case was called on November 5, 2007, Jahn failed to appear. As a result, counsel for the Commissioner moved to dismiss the case for lack of prosecution. In support of its motion, the Commissioner alleged that, during the preceding months, it had made at least five attempts to contact Jahn to prepare the case for trial, but that Jahn—aside from declining to attend one proposed meeting—had failed to respond to any of its efforts. (Admin. Record. Doc. 15.)

Jahn filed objections to the Commissioner's motion in which he claimed that the Commissioner's allegations were "off base and misleading;" according to Jahn, the Commissioner's counsel never attempted to contact him via voice mail, and, contrary to counsel's contention, he had attempted to cooperate by suggesting certain meeting times. (Admin. Record. Doc. 19.) In his objections, Jahn also argued that it was unnecessary to hold a trial on his appeal because the Tax Court could adjudicate the matter on the administrative record. (Admin. Record. Doc. 19.)

By order entered May 28, 2008, the Tax Court granted the Commissioner's motion, and dismissed the case. The court found that Jahn had violated the court's rules and orders by failing to: (1) cooperate sufficiently with the Commissioner in order to prepare the case for trial; (2) submit a pretrial memorandum; and (3) appear for trial. For these reasons, the court dismissed the case for lack of prosecution and authorized the

3

Commissioner to proceed with the collection action. Jahn now appeals from the Tax Court's Order of Dismissal and Decision.

## II.

We have jurisdiction over this appeal pursuant to 26 U.S.C. § 7482. We review the dismissal for failure to prosecute under an abuse of discretion standard. Sauers v. Comm'r, 771 F.2d 64, 66 (3d Cir. 1985). The Tax Court has discretion to dismiss a case at any time for "failure of a [taxpayer] properly to prosecute or to comply with [the Court's] Rules or any order of the Court or for other cause which the Court deems sufficient." Tax Ct. R. 123(b).

Upon review of the record, we hold that the Tax Court did not abuse its discretion in granting the Commissioner's motion to dismiss. As the Tax Court explained in its Order of Dismissal and Decision, Jahn failed to sufficiently cooperate with the Commissioner, failed to submit a pretrial memorandum, and failed to appear for trial. Furthermore, although the court gave him an opportunity to explain his actions, he failed to provide any meaningful excuse for his dilatory conduct.

On appeal, Jahn argues that the Tax Court adopted the wrong standard of review when it dismissed his appeal from the Appeals Office's determination. According to Jahn, "the Tax Court erred, in that it adopted a trial *de novo* standard and admitted new evidence into the appeal, instead of the correct 'review of the record' standard." (Appellant's Brief 6.) Contrary to Jahn's contention, however, the Tax Court did not

4

review the agency's determination at all; rather, as discussed above, the Tax Court dismissed the appeal because of Jahn's disregard for the court's procedures. We see no error in its decision to do so.

III.

Accordingly, we will affirm the Tax Court's decision.