OPINION
PER CURIAM.
Ilya Roytburd appeals from a decision of the United States Tax Court, which sustained the Internal Revenue Service’s (“IRS”) assessment of tax deficiencies and additions to taxes for the years 2004 and 2005 and imposed a $5,000 penalty pursuant to 26 U.S.C. § 6673. For the following reasons, we will affirm. Roytburd did not file income tax returns for the 2004 and 2005 tax years. The IRS determined that Roytburd was liable for income tax deficiencies of $16,080.70 and $17,362 for 2004 and 2005, respectively, as well as additions to taxes.[1] The IRS sent Roytburd notices of deficiency for each year that informed him of the deficiencies and additions. Roytburd filed a timely petition in the United States Tax Court contesting the IRS determinations on the theory that he was not required to pay income tax because he is not a “resident and/or citizen of the United States and is in fact domiciled in the sovereign Republic of Pennsylvania, and claiming state citizenship.” He later filed an amended petition in which he repeated the legal arguments that he is not required to file an income tax return or pay income tax.
The IRS Commissioner moved to dismiss the petition for failure to state a claim and to impose a penalty under § 6673. The Tax Court ordered Roytburd to file a second amended petition, which he did, essentially repeating the claims made in the original and first amended petitions. He also filed an objection to the motion to dismiss. The Tax Court granted the Commissioner’s motion to dismiss and imposed a $5,000 penalty pursuant to § 6673. After the Tax Court denied his motion to vacate, Roytburd timely filed this pro se appeal. Roytburd also requests that this Court issue a writ of error to the Tax Court, a writ of mandamus ordering the clerk to file default against the IRS Commissioner, and a writ of prohibition against the IRS to prohibit the agency from engaging in collections action against him. In the alternative, Roytburd seeks a writ of mandamus to order the Tax Court to order him to pay the deficiency, find the “notorious default” against him null and void, and find that he is “not a Sovereign *620 Man but a slave of his created governments subject to its dictates.”
We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court’s factual findings for clear error and have plenary review over its legal conclusions. See PNC Bancorp, Inc. v. Comm’r of Internal Revenue, 212 F.3d 822, 827 (3d Cir.2000). We review the imposition of a penalty under § 6673 for abuse of discretion. See Sauers v. Comm’r of Internal Revenue, 771 F.2d 64, 70 (3d Cir.1985). The taxpayer bears the burden of proof to show that the determination is invalid. See Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935).
The Tax Court properly dismissed Roytburd’s petition. Roytburd’s arguments are those of a tax protester. We and other courts have consistently rejected such arguments and we need not address them again here. See Sauers, 771 F.2d at 66-67; see also United States v. Mundt, 29 F.3d 233, 237 (6th Cir.1994); United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir.1991); Charczuk v. Comm’r of Internal Revenue, 771 F.2d 471 (10th Cir.1985). In light of the frivolous nature of his claims, the Tax Court did not abuse its discretion in imposing a penalty on Roytburd under § 6673.
To the extent that Roytburd seeks writs of error, mandamus, and prohibition, his requests are denied because he cannot demonstrate a clear and indisputable right to issuance of the writs. See Ken v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir.1982).
For the foregoing reasons, we will affirm the Tax Court’s decision. The Commissioner’s motion for sanctions is granted in the sum of $4,000 (four-thousand dollars).

. The IRS also determined that Roytburd was liable for an addition to taxes amounting to $1,410.46 under § 6651(a)(1), $150.31 under § 6654(a), and $908.96 under § 6651(a)(2) for 2004, and $1,444.50, $208.76, and $545.70, respectively, for 2005.