CLD-194                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1016
_____

COREY D. WHITE,
              Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(Tax Court No. 7101-09L)
Tax Court Judge:  Honorable Thomas B. Wells

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 13, 2010

Before:  BARRY, FISHER and COWEN, Circuit Judges.

(Filed: June 23, 2010)

_____

OPINION
_____

PER CURIAM

Corey White, proceeding pro se, appeals an order of the United States Tax Court

granting summary judgment for the Commissioner of Internal Revenue (the

"Commissioner" or "IRS") in an action challenging a tax collection proceeding. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The record reflects that, in August 2008, the IRS notified White that it intended to levy his property in order to collect overdue taxes in the amount of $13,943.26 for the year ending December 31, 2002, and $13,942.48 for the year ending December 31, 2003. The notice also informed White that he could appeal the intended levy by requesting a Collection Due Process hearing. White requested a hearing and asserted that he challenged the IRS's jurisdiction to commence the collection proceeding.

In October 2008, the Memphis Campus Appeals Office sent a letter to White explaining the appeals process and telling him to inform them if he wished to have a face-to-face conference at an office near his home or business. The following day, a Settlement Officer sent White another letter scheduling a telephone conference call for November 13, 2008, to discuss his disagreement with the collection action and/or alternatives to the action. This letter advised White that he would not have a face-to-face conference because the issues raised in his hearing request were either frivolous or irrelevant. White was afforded additional time to provide non-frivolous issues, such as collection alternatives.

On October 31, 2008, White responded to the Appeals Office's first letter and requested a face-to-face hearing in Philadelphia. He also stated that he wanted to record the conference. On November 2, 2008, White responded to the second letter, stating that

2

a telephone conference was unacceptable and that he required a face-to-face conference to establish a record of his discourse with the IRS. White again asserted that he challenged the jurisdiction of the IRS to begin the collection process.[1]

On November 26, 2008, the Washington, DC Appeals Office notified White that it had received his case for consideration. On December 15, 2008, a Settlement Officer notified White that a telephone conference was scheduled for January 14, 2009. Like the Settlement Officer from the Memphis Appeals Office, the Settlement Officer stated that White had raised only frivolous or irrelevant issues and that a face-to-face conference would only be allowed for non-frivolous issues. White was afforded the opportunity to submit any non-frivolous issues. The Settlement Officer also informed White that he was not permitted to audio record a telephone conference.

On December 25, 2008, White informed the Settlement Officer by letter that a conference call was unacceptable, that he was entitled to develop a clear and complete record of the administrative process, and that the IRS lacked jurisdiction to execute a levy of his property. White again asserted that he had no duty to file, nor did he file, a report of income with the IRS for the tax years under consideration. On January 14, 2009, the day of scheduled telephone conference, the Settlement Officer wrote White a letter stating

---

[1]White asserted, "I am not under a duty of law to file, nor did I file a report of income with the IRS for the years under consideration. Nor is the IRS permitted to file a substitute report of income for me without my permission." Decl. of W. Debeau in Support of Resp. Motion for Summary Judgment, Ex. K.

3

that he had called White but White was unavailable. The Settlement Officer stated that he would make a determination in his case by reviewing the file. The Settlement Officer afforded White time to provide any information for his consideration. White responded that the IRS was seeking to deprive him of property without due process of law.[2]

On February 24, 2009, the Appeals Office issued a Notice of Determination sustaining the notice of intent to levy. White then filed a petition in Tax Court asserting that the Commissioner lacked jurisdiction to deprive him of his personal property without due process of law. The Tax Court granted summary judgment in favor of the Commissioner and allowed the Commissioner to proceed with the collection. This appeal followed.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We exercise plenary review over the Tax Court's entry of summary judgment. Conn. Gen. Life Ins. Co. v. Comm'r of Internal Revenue, 177 F.3d 136, 143 (3d Cir. 1999).

White was entitled to a Collection Due Process hearing before the Commissioner could proceed with a levy of his property. 26 U.S.C. § 6330. Collection Due Process hearings are informal and may be conducted by correspondence, telephone, or face-to-face. Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 624 (6th Cir.

---

[2]White also correctly noted that the Settlement Officer stated in his letter that he tried to call him on January 14, 2009, at 1:30 p.m., but the conference notice provided that the call would take place at 9:00 a.m. White, however, made clear that a telephone conference was unacceptable and did not state that he would have taken the call had it been placed at 9:00 a.m.

4

2005).  Under the applicable regulations, a face-to-face hearing will not be granted where the taxpayer only wishes to raise irrelevant or frivolous issues regarding tax liability.  26 C.F.R. § 301.6330-1(d)(2)(A-D8).  A person may challenge the underlying tax liability if the person did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  26 U.S.C. § 6330(c)(2)(B).  If a face-to-face or telephone conference is not held, review of the documents in the case file will constitute the hearing.  26 C.F.R. § 301.6330-1(d)(2)(A-D7).

White did not contend that he did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Rather, he disputed the Commissioner's jurisdiction to begin a collection action against him and maintained that he had no obligation to file tax returns.  These types of tax-protester arguments have been rejected as patently frivolous.  Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 66, 69 n.6 (3d Cir. 1985).  As such, White was not entitled to a face-to-face hearing and the Tax Court did not err in sustaining the Notice of Determination and granting summary judgment in favor of the Commissioner.[3]

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[3]To the extent White also appeals the Tax Court's denial of his motion to vacate the order granting summary judgment, we find no error in the Tax Court's ruling.