**CLD-195**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1164
_____

COREY D. WHITE,
                          Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(Tax Court No. 08-24177)
Tax Court Judge:  Honorable Thomas B. Wells

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 13, 2010

Before:  BARRY, FISHER and COWEN, Circuit Judges.

(Filed: June 23, 2010)
_____

OPINION
_____

PER CURIAM

    Corey White, proceeding pro se, appeals an order of the United States Tax Court

sustaining a tax deficiency and additions to tax determined by the Commissioner of

Internal Revenue (the "Commissioner" or "IRS") and imposing a penalty. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

White filed a petition in Tax Court challenging a Notice of Deficiency for the tax year ending December 31, 2006. White did not file a tax return for that year and the IRS calculated a deficiency in the amount of $52,236 as well as several additions to tax. White asserted that the IRS lacked jurisdiction to determine the deficiency and violated his right to due process of law.

The Tax Court held a bench trial on November 16, 2009. Before trial, the Tax Court deemed admitted the Commissioner's requested admissions regarding White's 2006 income, to which White did not adequately respond.[1] At trial, the Commissioner introduced into evidence a tax return prepared by the IRS on White's behalf pursuant to 26 U.S.C. § 6020(b), which reflected the calculations of White's 2006 income tax and additions to tax. The Commissioner also introduced into evidence the Notice of Deficiency issued to White. White did not submit any evidence regarding his income or deductions.

The Tax Court sustained the deficiency determination, explaining that White had the burden of proof and had failed to provide any credible evidence that the deficiency determination was incorrect. The Tax Court stated that White presented only frivolous

_____

[1]These admissions included that in 2006 White earned $34,662 from his job at Verizon Services Corp., that he received $76 in interest income, and that he received a $171,624 distribution of his retirement monies.

tax protester-type arguments that warranted no discussion. The Tax Court also sustained the calculations of additions to tax under 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654, noting that the Commissioner satisfied its burden of production under § 7491(c). The Tax Court also imposed a $10,000 penalty under § 6673(a)(1) because White had instituted proceedings based on a frivolous position. This appeal followed.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We exercise plenary review over the Tax Court's conclusions of law and review its factual findings for clear error. PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000). We review the imposition of a penalty under § 6673 for abuse of discretion. See Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 65 (3d Cir. 1985).

The evidence at trial established the tax deficiency and that White is subject to several additions to tax. The additions to tax are the result of White's failure to file a 2006 tax return or show reasonable cause for his failure to file a return, see 26 U.S.C. § 6651(a)(1), his failure to pay the amount of tax shown on the return prepared by the IRS, see id. § 6651(a)(2), and his failure to make estimated tax payments. See id. § 6654. As noted by the Tax Court, the type of tax-protester arguments advanced by White have been rejected as patently frivolous. Sauers, 771 F.2d at 66, 69 n.6. We also find no abuse of discretion in the Tax Court's imposition of a penalty under § 6673(a)(1).

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).