**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1251
_____

MICHAEL W. ZUBASIC;
DAWN M. ZUBASIC,
                                        Appellants

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Ct. No. 14-018640)
Tax Court Judge: Honorable Robert P. Ruwe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2016

Before: CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael and Dawn Zubasic appeal from the Tax Court's order granting the Commissioner's motion to dismiss their petition for failure to prosecute. For the reasons that follow, we will affirm the Tax Court's order.

The Zubasics, who own a company called Basic Building Interiors, LLC, took a deduction of $138,276 for depreciable business assets, and filed an income tax return showing no tax liability for 2011. Thereafter, the Internal Revenue Service issued a notice of deficiency, disallowing the business asset deduction and determining that the Zubasics owed additional income tax and an accuracy-related penalty. The Zubasics challenged the notice of deficiency by filing a petition in the Tax Court.

On April 9, 2015, the IRS informed the Zubasics that the Tax Court had scheduled a trial session for November 2, 2015, asked the Zubasics for certain information and documents, and urged the Zubasics to participate in the preparation of a Stipulation of Facts. Several months later, the Tax Court officially informed the parties that the case was set for trial on November 2, 2015. The Tax Court notice also set dates by which the parties were to exchange any documents expected to be offered at trial, to file pretrial memoranda, and to submit a joint stipulation of facts. Notably, the notice emphasized that failure to comply with those requirements might result in dismissal of the case. The Tax Court sent an additional notice to the parties on September 18, 2015, reminding them to be present for trial and that failure to appear may result in dismissal of the petition. The IRS wrote to the Zubasics on October 13, 2015, advising that the requested

2

documents had not been provided, suggesting a conference to discuss a possible settlement, and noting the scheduled trial date.

The Tax Court called the case for trial as scheduled, but the Zubasics failed to appear. The IRS filed a motion to dismiss based on the Zubasics' failure to prosecute the case. The Tax Court granted that motion on November 12, 2015, holding that the Zubasics were liable for a tax deficiency and an accuracy-related penalty. The Zubasics appealed.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), and review the Tax Court's decision to dismiss the Zubasics' petition for failure to prosecute under an abuse of discretion standard. Sauers v. Comm'r, 771 F.2d 64, 66 (3d Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)).

As noted by the Commissioner, the Zubasics offer no justification for their failure to appear for the trial, and they do not specifically challenge the Tax Court's decision to dismiss the petition for failure to prosecute. Accordingly, any argument with respect to the Tax Court's dismissal has been waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Nevertheless, we conclude that the Tax Court acted within its discretion in dismissing the Zubasics' petition for failure to prosecute.

The Tax Court may "dismiss a case at any time and enter a decision against the petitioner" if the petitioner fails to prosecute his or her case, to comply with the rules of

practice and procedure, or for any other cause the Tax Court deems sufficient. See 26 U.S.C. § 7453; Tax Court Rule 123(b). In particular, a case "may be dismissed for failure properly to prosecute" if there is an "unexcused absence of a party . . . when a case is called for trial." Tax Court Rule 149(a). Here, the Zubasics were notified several times about their pretrial obligations and the trial date. But they failed to cooperate with the Commissioner, failed to submit a pretrial memorandum, and failed to appear for trial.

On appeal, the Zubasics appear to argue that they were not required to substantiate the depreciation deduction because their tax return included Form 5213, titled "Election to Postpone Determination as To Whether the Presumption Applies Than an Activity Is Engaged in for Profit." Even if the Zubasics are correct, their argument does not excuse their obligation to prosecute their petition. Indeed, we have stated that "[a] party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default." Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994) (explaining that when a plaintiff willfully refuses to proceed, a court need not weigh the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), before dismissing the case for lack of prosecution).

Under these circumstances, dismissal of the Zubasics' petition for failure to prosecute was proper. See, e.g., Sauers, 771 F.2d at 66 (affirming Tax Court's dismissal for failure to prosecute where taxpayer refused in engage in a stipulation of facts and indicated that he had no evidence to present at trial). Therefore, we will affirm the Tax Court's order.

4