CLD-124                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2366
_____

MICHAEL BALICE,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 13-22235)
Tax Court Judge:  Honorable Albert G. Lauber
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: February 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Michael Balice appeals the United States Tax Court's orders granting summary judgment to the Commissioner of Internal Revenue, denying his cross-motion for summary judgment, and denying his motion to vacate the adverse judgment. Because Balice has no arguable legal basis on which to appeal the Tax Court's judgment, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In tax years 2007 and 2008, Balice did not file a tax return or pay income tax. In 2011, he was convicted of tax evasion in violation of 26 U.S.C. § 7201. See D.N.J. Cr. No. 2:10-cr-0485. In 2012, the Commissioner executed returns for Balice pursuant to 26 U.S.C. § 6020. Using Balice's bank statements, the Commissioner determined that he had earned taxable income of $148,061 in 2007 and $37,000 in 2008. The Commissioner calculated Balice's tax deficiency to be $35,947 for 2007 and $3,810 for 2008; moreover, the Commissioner concluded that Balice was liable for additional sums due to his failure to file, see 26 U.S.C. § 6651(a)(1), and his failure to pay, see § 6652(a)(2), and subject to a penalty for advancing frivolous positions, see 26 U.S.C. § 6673. The Commissioner thereafter served Balice with a notice of deficiency.

Balice filed a petition for redetermination in the Tax Court. Before the Tax Court, Balice did not challenge the Commissioner's calculation of his income, tax liability, additions to tax, or penalty. Instead, he raised numerous arguments typical of tax protesters, including that (1) the Constitution does not authorize an income tax; (2) the

2

16th Amendment lacks an enactment clause; (3) only residents of Washington, D.C., and other federal enclaves are subject to the federal tax laws; (4) Congress cannot delegate the enforcement of the tax laws to the executive; (5) the United States cannot tax the fruits of Balice's fundamental right to work; (6) the United States may tax only the profit Balice earns after subtracting the value of his labor; and (7) tax liabilities are assessed against only "withholding agents," not individuals. He also argued that only professional tax preparers, and not individuals, are subject to penalties under § 6673. The Commissioner moved for summary judgment, and the Tax Court granted the motion. The Tax Court sustained the Commissioner's determinations of Balice's deficiencies and additions to tax, required him to pay a penalty for asserting frivolous positions, and rejected his legal arguments. Balice filed a motion to vacate the order, which the Tax Court denied, and then filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We exercise plenary review over the Tax Court's entry of summary judgment, see Conn. Gen. Life Ins. Co. v. Comm'r, 177 F.3d 136, 143 (3d Cir. 1999), and review for abuse of discretion the Tax Court's imposition of a penalty under 26 U.S.C. § 6673, see Sauers v. Comm'r, 771 F.2d 64, 70 (3d Cir. 1985), and its denial of a motion to vacate, see Drobny v. Comm'r, 113 F.3d 670, 676 (7th Cir. 1997). We will consider only claims that Balice raised in the Tax Court. See Visco v. Comm'r, 281 F.3d 101, 104 (3d Cir. 2002).

The Tax Court did not err here. The Commissioner presented unrebutted evidence of Balice's tax deficiency and that he is subject to additions of tax due to his failure to file returns and pay his tax liability. Further, as the Tax Court explained, the type of tax-protester arguments that Balice raised have long been rejected as frivolous. See Sauers, 771 F.2d at 66 (concluding that appellant's arguments, "typical of those asserted by 'tax protesters,'" were "patently frivolous"); see also IRS Notice 2010-33, 2010-17 I.R.B. 609 (2010) (identifying common "frivolous positions").[1] Moreover, because Balice insistently raised these legal challenges even after the Tax Court advised him of their frivolousness, the Tax Court did not abuse its discretion in imposing a penalty. See Sauers, 771 F.2d at 69. Contrary to Balice's contentions, § 6673 plainly authorizes the Tax Court to impose a penalty on the "taxpayer."[2] Finally, because Balice's motion to

---

[1] See also Skinner v. Mid-Am. Pipeline Co., 490 U.S. 212, 222 (1989) (rules and regulations concerning the Internal Revenue Code are "without doubt the result of entirely appropriate delegations of discretionary authority by Congress"); United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999) (claims that only D.C. residents are subject to income tax and that wages are not income because they are compensation for working are "frivolous squared"); United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (argument that income tax is unconstitutional is "devoid of any arguable basis in law"); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987) (per curiam) (stating that a taxpayer's argument that withholding agents are the only persons statutorily liable for the income tax was "utterly without merit"); Funk v. Comm'r, 687 F.2d 264, 265 (8th Cir. 1982) (per curiam) (argument that compensation for labor cannot be taxed is "without merit"); United States v. Heck, 499 F.2d 778, 787-88 (9th Cir. 1974) (rejecting argument concerning lack of enabling clause).

vacate was premised on the same meritless legal arguments, the Tax Court did not err in denying it.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2] In a filing in this Court, Balice alleges in passing that the Tax Court abridged his constitutional right to a trial. That argument lacks merit. See Sauers, 771 F.2d at 66 & n.2.