**CLD-167**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1242
_____

In re: Michael Balice,
                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2-14-cv-03937)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 3, 2016

Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: March 11, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Michael Balice has filed a petition for writ of mandamus. For the

reasons set forth below, we will deny the petition.

        In June 2014, the United States filed a civil action against Balice in which it

sought, among other things, to reduce to judgment Balice's 1998 federal income tax

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

liabilities. Balice filed several motions to dismiss the complaint. While his motions raised numerous, complex claims, at bottom he argued that the District Court lacked subject-matter jurisdiction because "the commencement of this legal action by the Executive branch of the federal government, to enforce the collection of an income tax allegedly imposed under the 16th Amendment, blatantly violates the 16th Amendment." D.N.J. Civ. A. No. 2:14-cv-03937 dkt. #7 at pg. 1. The District Court denied Balice's motions. See dkt. #71. Balice then filed at least two more motions to dismiss, which the District Court also denied. See dkt. #102.

Balice then filed a petition for mandamus in this Court. He reasserts the challenge to the District Court's jurisdiction described above. He asks us to order the District Court to (a) vacate its orders denying his motions to dismiss and (b) dismiss the Government's complaint.

We will deny Balice's petition. Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79.

Here, Balice has asked us to review the District Court's orders denying his sundry motions to dismiss. Mandamus relief is unavailable because he may obtain that review

2

on direct appeal once his case is finally resolved.  See Harrison v. Nissan Motor Corp., 111 F.3d 343, 352 (3d Cir. 1997); Commc'n Workers of Am., AFL-CIO v. AT&T Co., 932 F.2d 199, 210 (3d Cir. 1991).  Moreover, Balice has failed to show that "the district court's lack of subject matter jurisdiction is 'clear and indisputable.'"  In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990).  To the contrary, as we explained recently in dismissing a previous appeal brought by Balice, he presents "the type of tax-protester arguments that . . . have long been rejected as frivolous."  Balice v. Comm'r, C.A. No. 15-2366, 2016 WL 456634, at *2 (3d Cir. Feb. 5, 2016).

Accordingly, we will deny Balice's mandamus petition.